IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CANDACE ORMAN, | ) |
| | ) |
| Plaintiff, | ) Case No. _____ |
| | ) |
| vs. | ) JURY DEMAND |
| | ) |
| CALSONICKANSEI NORTH AMERICA, | ) |
| INC. and RANDSTAD NORTH AMERICA, | ) |
| L.P., | ) |
| | ) |
| Defendants, | ) |

## COMPLAINT

Comes now the Plaintiff, Candace Orman, by and through his undersigned counsel, and for her Complaint against Defendants CalsonicKansei North America, Inc. and Randstad North America, L.P., the Plaintiff states as follows:

### I.
### PARTY, JURISDICTION, AND VENUE

1. Plaintiff, Candace Orman, (hereinafter "Plaintiff") is a resident and citizen of Murfreesboro, Rutherford County, Tennessee.

2. Defendant, CalsonicKansei North America, Inc., (hereinafter "Defendant Calsonic") is a domestic corporation authorized to be and doing business in Shelbyville, Bedford County, Tennessee, and employs more than twenty employees.

3. Defendant, Randstad North America, L.P., (hereinafter "Defendant Randstad") is a foreign corporation authorized to be and doing business in Shelbyville, Bedford County, Tennessee, and employs more than twenty employees.

4. The events giving rise to this matter took place in Bedford County, Tennessee, at Defendant's facility located at One Calsonic Way, Shelbyville, Tennessee.

5. Jurisdiction and venue in this matter are proper because the events giving rise to this matter took place in Shelbyville, Bedford County, Tennessee, at the Defendants' facility. The Plaintiff resides in Murfreesboro, Rutherford County, Tennessee and this matter involves a federal question under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.

## II.
## FACTUAL BASES FOR SUIT

6. The Plaintiff was hired by the Defendant Randstad on or about December 5, 2011.

7. On or about January 2012, Plaintiff returned to work from Christmas vacation and was informed that employees of CalsonicKansei North America, Inc. would now be supervising her work but that she will still be considered an employee of Randstad until the transition process was completed.

8. The employment transition from Randstad North American, L.P. to CalsonicKansei North America, Inc. was completed on or about June 4, 2012.

9. On or about February 2012, a new lead who was an African American female was assigned to Plaintiff's line.

10. On or about February 2012, Plaintiff began being treated differently than other employees.

11. Being on or about February 2012 and continuing until Plaintiff's termination, she was accused of faking her work related injury.

12. After February 2012, Plaintiff also experienced several incidents of sexually

harassing behavior by her lead person, including but not limited to, lifting up the Plaintiff's shirt and exposing her breasts, grabbing her in the crotch area and the lead person would place radiator hoses in her groin area to act like she had a penis and rub against employees. Furthermore, the conduct of the lead person was highly offensive to the Plaintiff.

13. When Plaintiff attempted to report the sexually harassing behavior, she was told by a supervisor that she could not make a complaint because she was over-reacting. Furthermore, a coworker who reported the lead person's sexual harassment to a supervisor was discharged the next day after she reporting the harassment.

14. The new lead also started attempting to make Plaintiff's job harder in an attempt to find a reason to terminate her. The lead person also referred to the Plaintiff as the "white bitch" even though the Plaintiff pointed out to her that she was native american. The lead person would respond to the Plaintiff by telling her that both white and native american were the same thing to her.

15. At one point, the new lead even commented that it was only a matter of time before Plaintiff would be gone and informed her repeatedly that she would made it very hard for her to work her shift. The Plaintiff felt bullied and threatened by the lead person and no other supervisors would provide assistance for her despite her requests.

16. The atmosphere with the Defendant Employers after the new lead came into a position of power and authority was threatening and oppressive. The Plaintiff feared for her safety and felt that her supervisors were unresponsive to her concerns and reports of discriminatory, offensive threatening conduct in the workplace.

17. The Plaintiff experienced significant humiliation, embarrassment, emotional distress, depression and hopelessness working in this atmosphere in the Defendants' workplace.

18. The Plaintiff was verbally informed without notice that she was being laid off but not terminated, yet received a letter from the Defendant at a later time indicating that she was being terminated for absenteeism and poor work performance.

19. The Defendant Employers' reasons for the Plaintiff's termination were pretextual and the Plaintiff was actually terminated for unlawful discriminatory, retaliatory reasons.

20. Plaintiff received a Notice of Right to Sue letter for CalsonicKansei North America dated April 30, 2012 and a Notice of Right to Sue letter for Randstad dated April 30, 2012. The Notice of Right to Sue letters are attached hereto as Exhibit A.

## III.
## CAUSES OF ACTION

21. The foregoing allegations are incorporated herein and Plaintiff pleads in the alternative, assertions of employment discrimination separately through each subheading A and B.

### A. Race

22. The Plaintiff asserts that there is a causal connection between the Defendants' poor treatment, disparate treatment, and discrimination and the Plaintiff's race/national origin, Native American or perceived or regarded as white caucasion in Violation of Tennessee Human Rights Act Tenn.Code.Ann § 4-21-401, et. seq. and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.

23. Plaintiff asserts that there is a causal connection between Defendantss poor treatment, disparate treatment, discrimination and termination and the Plaintiff being native american or being "regarded as" white caucasion.

24. At all relevant dates and times as set forth herein, it is averred that:

(a) The Plaintiff was subjected to discriminatory conduct based on her national origin and perceived race;

(b) Such conduct of Defendants' supervisor was unwelcome;

(c) Such conduct of Defendants' supervisor was based on Plaintiff's national origin and ethnicity or perceived national origin and ethnicity;

(d) Defendants' conduct was sufficiently severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be unwelcome, offensive and unpleasant;

(e) Defendants knew or should have known of the discrimination;

(f) Defendants failed to take prompt and appropriate corrective action to end the discrimination despite being notified on several occasions;

(g) The discrimination of the Defendants was sufficiently severe and/or pervasive as to alter the terms and conditions of the Plaintiff's employment

25. At all relevant dates and times as forth herein, the Defendant was vicariously liable for the actions and inappropriate conduct of the Defendant's employees, agents and representatives because: (a) the Defendant did not exercise reasonable care to promptly correct and prevent the discriminating behavior; (b) the Defendant did not properly train the Plaintiff's supervisors regarding the Defendant's policies towards a workplace free of discrimination; (c) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report age discrimination occurring within the Defendant's workplace; and (d) the Defendant had a duty to supervise its employees and agents.

## B. Gender Discrimination

26. Plaintiff asserts that the Defendant negligently deprived the Plaintiff of her statutory rights and discriminated against the Plaintiff in violation of the Tennessee Human Rights Act pursuant to T.C.A. § 4-21-101 and 4-21-302 through T.C.A. § 4-21-311 and § 4-21-701 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.

27. Plaintiff was negligently deprived of her rights under T.C.A. § 9-8-307(a)(1)(N) and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. in the form of gender/sex discrimination and harassment.

28. At all relevant times as set forth herein, the Plaintiff avers the following:

   (a) the Plaintiff was a member of a protected class;

   (b) the Plaintiff was subjected to unwelcome sexual discrimination and harassment by her lead supervisor;

   (c) the Defendans' harassment of the Plaintiff was based on her sex;

   (d) an adverse tangible employment action occurred as a result of the sexual harassment;

   (e) the Defendants' harassment of the Plaintiff affected a term, condition and/or privilege of the Plaintiff's employment;

   (f) the Defendants' discrimination of the Plaintiff created a hostile work environment and/or unreasonably interfered with the plaintiff's work performance;

   (g) the Defendants' discrimination of the Plaintiff caused her physical or mental well being to be seriously affected;

   (h) the Defendants failed to take prompt and appropriate corrective action to eliminate the harassment.

29. At all relevant dates and times as forth herein, the Defendant was vicariously liable for the actions and inappropriate conduct of the Defendant's employees, agents and representatives because: (a) the Defendant did not exercise reasonable care to promptly correct and prevent the discriminating behavior; (b) the Defendant did not properly train the Plaintiff's supervisors regarding the Defendant's policies towards a workplace free of discrimination; (c) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report age discrimination occurring within the Defendant's workplace; and (d) the Defendant had a duty to supervise its employees and agents.

30. Plaintiff demands a jury to decide this matter.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS THIS COMPLAINT be served upon Defendant, they be compelled to Answer, and the Plaintiff be awarded all compensatory damages, back pay, front pay, attorney's fees, interest, punitive damages, and equitable relief allowed.

Respectfully submitted,

LAW OFFICE OF DONALD D. ZUCCARELLO

_____
Donald D. Zuccarello [BPR No. 15092]
3209 West End Avenue
Nashville, Tennessee 37203
(615) 259-8100
(615) 259-8108 Facsimile
*Attorneys for the Plaintiff*

## **COST BOND**

I, Donald D. Zuccarello, am surety for this cause.

_____
Donald D. Zuccarello